**PEARCE, MAYER & GREER, a Partnership, etc., Plaintiff, v. WILLIAMS et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-156785. Decided December 6, 1957.

Kyte, Conlan, Meekin & Wulsin, Fred S. Kotte, Jr., Cohen, Baron, Druffel & Hogan, for the demurrer.
Goodman & Goodman, contra.

## OPINION

By BELL, J.

To the petition the defendants filed a demurrer upon six separate grounds, the first two of which are stated as follows:

(a) "The petition does not set forth facts which show a cause of action."

(b) "Plaintiff does not have legal capacity to sue."

These two grounds being dispositive of the case, the other four will be passed unnoticed.

In Ohio the Legislature has provided a comprehensive and understandable chapter with reference to the licensing and conduct of real estate brokers and salesmen, to be found in **Chapter 4735 R. C.** These statutes were passed for the protection of the public, in an attempt to secure honest and fair dealing between the broker, his salesmen and the public.

Under the Ohio statute, before anyone can become a real estate broker, it is provided that an examination must be passed; and there are various other qualifications which must be met, including the giving of a bond by the person securing a license, and that he will honestly, and without fraud or deception, deal with his customers.

Prior to 1955, §4735.20 **R. C.**, read as follows:

"**Illegal commission; revocation of licenses.** No licensed real estate broker shall pay a commission for performing any of the acts specified in §4735.01 R. C., to any person who is not a licensed real estate broker or a licensed real estate salesman. Violation of this section shall be a cause of suspension, revocation, or refusal to renew a license in accordance with the proceedings provided for in §§4735.15 to 4735.18, inclusive, **R. C.** The revocation of a broker's license shall automatically suspend every real estate salesman's license granted to any person by virtue of

his association with the broker whose license has been revoked, pending a change of broker and the issuance of a new license. Such new license shall be issued without charges, if granted during the same year in which the original license was granted."

Sec. 4735.21 R. C., prior to 1955 read as follows:

"**Right of action not to accrue without proof of license.** No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in §4735.01 R. C., without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker or a real estate salesman, at the time the cause of action arose."

In 1955 those two sections of the Revised Code were amended to read as follows:

"**Sec. 4735.20 R. C. Illegal commissions; interstate transactions; penalty.** No licensed real estate broker shall pay a commission for performing any of the acts specified in §4735.01 R. C., to any person who is not a licensed real estate broker or a licensed real estate salesman. **Provided that a licensed broker may pay a commission to a licensed broker of another state and may receive a commission from a licensed broker of another state.** Violation of this section shall be a cause of suspension, revocation, or refusal to renew a license in accordance with the proceedings provided for in §§4735.15 to 4735.18, inclusive, R. C. The revocation of a broker's license shall automatically suspend every real estate salesman's license granted to any person by virtue of his association with the broker whose license has been revoked, pending a change of broker and the issuance of a new license. Such new license shall be issued without charges, if granted during the same year in which the original license was granted." (Emphasis added.)

"**Sec. 4735.21 R. C. Proof for right of action; limitations on real estate salesmen.** No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in §4735.01 R. C., without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker. Nothing contained in this section shall prevent a right of action from accruing after the expiration of a real estate license if the act giving rise to the cause of action was performed by a licensee prior to such expiration.

"No real estate salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of and with the consent of the licensed real estate broker under whom he is licensed. Nor shall any real estate salesman commence or maintain any action for a commission or other compensation in connection with a real estate brokerage transaction, against any person except a person licensed as a real estate broker under whom he is licensed as a salesman at the time the cause of action arose."

Amended §4735.20 R. C., gives rise to the instant controversy.

It is urged by the plaintiff that by virtue of the amendment of §4735.20 R. C., it has a right to maintain this action, and it is urged with

equal vigor on the part of the defendants that amended §4735.20 R. C., gives no such right.

In passing it should be pointed out that the petition is defective in certain respects which would require the sustaining of this demurrer, but those defects could be readily remedied by the filing of an amended petition, which would leave the dispositive question undecided.

The court therefore is going to decide the case without reference to those defects in the petition.

The real question presented is whether or not, either by the language used in amended §4753.20 R. C., or any fair interpretation of that language, a real estate broker of a foreign state (not authorized to do business in Ohio), can under any circumstance, come into Ohio and maintain an action for a commission claimed for the sale of Ohio real estate, against the Ohio owners thereof.

This is a question of first impression so far as counsel or the court has been able to discover.

Prior to the amendment of §4735.20 R. C., an Ohio licensed real estate broker could not pay any part of a commission to anyone except another Ohio licensed broker or a licensed salesman, and to pay a part of a commission to a real estate broker licensed under a state other than Ohio was a violation of the law subject to suspension, revocation, or refusal to renew the license of the Ohio broker, as well as the criminal penalty provided in §4735.99 R. C.

As I read and construe **Chapter 4735 R. C.**, prior to the amendments of §§4755.20 and 4735.21 R. C., no person could bring an action to collect a commission or fee involving the title to real estate, or any interest therein, unless that person was a real estate broker licensed under the law of Ohio. Of that proposition there can be no doubt, and the strictness of the Ohio courts in the interpretation of those sections of the General (now Revised) Code is clearly evidenced by two decisions of Ohio Courts, to wit: **S. P. Stanson, Inc., v. McDonald, et al, 147 Oh St 191** and **DeMetre v. Savas, et al, 93 Oh Ap 367.**

Hence there can be no question that prior to the amendment of §4735.20 R. C., the plaintiff in the instant case would have had no standing in the courts of Ohio, and could not have maintained his suit.

This brings us to the ultimate and final dispositive question, which may be set forth thus: Did the General Assembly, by the amendment of §4735.20 R. C., grant any right or authority to a real estate broker not licensed by Ohio, to maintain an action for a commission against any Ohio property owner?

The proviso contained in §4735.20 R. C., reads as follows:

"Provided that a licensed broker may pay a commission to a licensed broker of another state, and may receive a commission from a licensed broker of another state."

There is nothing in that proviso which even suggests that authority is thereby granted to a real estate broker licensed by a state other than Ohio, to come into the courts of Ohio and maintain an action against the Ohio owners of real estate. That statute, as the court reads and construes it, makes provision for the payment of fees by an Ohio licensed broker to a licensed broker of another state. It is purely a provision dealing with the rights and authority of brokers inter sese.

Amended §4735.21 R. C., became effective on the same day as amended §4735.20 R. C. By the amendment of §4735.21 R. C., a real estate salesman is specifically prohibited from commencing or maintaining any action for a commission or other compensation in connection with a real estate brokerage transaction, against any person except a person licensed as a real estate broker under whom he is licensed.

It does not seem consistent to say that the General Assembly would amend two sections of the Code (effective the same day), and by one amendment grant a right to a real estate broker licensed by a state other than Ohio, and by the other amendment prohibit an Ohio real estate salesman from commencing an action which could be commenced by a real estate broker not licensed in Ohio.

The conclusion is inescapable that no licensed broker of any other state may maintain an action against an Ohio real estate owner.

From what has been said, the court concludes that the plaintiff does not possess the legal capacity to maintain this action; hence he cannot file a petition which would state a cause of action.

Being firmly of the opinion that this petition cannot be amended to state a cause of action, the demurrer will be sustained on grounds "a" and "b," and the petition dismissed.

Demurrer sustained and petition dismissed.